UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY LYNN MANDEL,

    Petitioner,

Case No. 24-cv-13192
Hon. Matthew F. Leitman

v.

JEREMY HOWARD,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (ECF No. 3)

Petitioner Sherry Lynn Mandel is a state prisoner in the custody of the Michigan Department of Corrections. On December 2, 2024, Mandel filed a *pro se* petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Mandel seeks relief from her state-court convictions of assault with intent to commit murder ("AWIM"), assault with intent to commit great bodily harm less than murder ("AWIGBH"), and two counts of possession of a firearm during the commission of a felony ("felony firearm"). (*See id.*) The state court sentenced Mandel to 18 years, 9 months to 30 years in prison on the AWIM conviction, a concurrent term of 3 years, 2 months to 10 years in prison on the AWIGBH conviction, and concurrent terms of 2 years in prison on the

1

felony firearm convictions to be served consecutively to her other sentences. In Mandel's petition, she raises claims concerning the effectiveness of her trial and appellate counsel. (*See id.*)

On December 2, 2024, Mandel filed a motion in which she asks the Court to stay this action so that she can return to the state courts and present additional ineffective assistance of counsel claims that she has not yet exhausted. (*See* Mot., ECF No. 3.)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011). However, the dismissal of a pending habeas petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *See id*. at 275-76.

The Court concludes that Mandel is entitled to such a stay here. A stay is warranted because it will enable Mandel to exhaust her state-court remedies for all of her claims without fear of violating the rule on second or successive petitions or the statute of limitations. In addition, there is no evidence of intentional delay. The Court will therefore stay these proceedings while Mandel returns to the state courts to pursue her additional claims.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that Mandel's motion to stay proceedings while she pursues state remedies (ECF No. 3) is **GRANTED**. This stay is conditioned upon Mandel presenting her unexhausted claims to the state courts by filing a motion for relief from judgment in state trial court by no later than **February 10, 2025**. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Mandel's motion, she must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Mandel's return to this Court, with a motion to reinstate and amend the petition, using the same caption and case number included at the top of this order, within **90 days** of fully exhausting her state court remedies. If Mandel fails to comply with any of the conditions described in this order, the

Court will rule only on her currently exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Nothing in this order or the related docket entry shall be construed as an adjudication of any of Mandel's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

    **IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2024

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
